[Cite as *State v. White*, 2013-Ohio-4225.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130114 |
| | | TRIAL NO. B-1205509 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| KENDALL WHITE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 27, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Christine Y. Jones*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1} Kendall White was convicted of felonious assault and sentenced to six years in prison. He argues on appeal that his sentence should be reversed because it was excessive and constituted an abuse of the trial court's discretion. We disagree both about the standard of review and about the ultimate issue. The appropriate standard to review a felony sentence is the one set forth by the legislature in R.C. 2953.08(G)(2): in this case, whether "we clearly and convincing find[] * * * that the sentence is * * * contrary to law." We do not so find, and, therefore, affirm the judgment of the trial court.

I.

{¶2} Kendall White approached Brandy Moore at a McDonald's restaurant and demanded a ride. When Ms. Moore refused, Mr. White punched her in the face. The punch broke her nose, fractured the bone of her left eye socket and caused bumps under her eyelid. She underwent surgery to repair her nose, but she still has difficulty breathing and may need another surgery.

{¶3} Mr. White pleaded guilty to a charge of felonious assault, a second-degree felony. Several weeks later, the trial court held a sentencing hearing. In mitigation, Mr. White and his attorney emphasized his history of psychological problems. The trial court engaged in a lengthy discussion with Mr. White, during which it noted Mr. White's long criminal history dating back over 30 years, including numerous violent offenses. At the conclusion of the hearing, the trial court imposed a prison sentence of six years. This appeal followed.

{¶4} Although Mr. White acknowledges that his sentence is within the statutory range, he argues that the trial court abused its discretion by failing to properly consider mitigating factors indicating that he showed genuine remorse, took full responsibility for

his conduct by entering a plea, did not possess a weapon during the assault, and acknowledged a need to address his underlying mental health issues.

II.

{¶5}  We disagree with Mr. White's assertion that we should review his sentence for an abuse of discretion.  The legislature has been explicit that "[t]he appellate court's standard for review [of a felony sentence] is not whether the sentencing court abused its discretion."  R.C. 2953.08(G)(2).  Rather, the standard is the one set forth by statute:

> The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.  The appellate court's standard for review is not whether the sentencing court abused its discretion.  The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings * * *;
>
> (b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

{¶6}  True, we have in the past applied the abuse of discretion standard urged by Mr. White.  That standard was provided for by a plurality of the Supreme Court of Ohio in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124.  The *Kalish*

approach asks (1) whether the sentence is clearly and convincingly contrary to law, i.e. whether the trial court adhered to the applicable rules and statutes in imposing the sentence, and (2) if it is not contrary to law, whether the sentence nevertheless constitutes an abuse of discretion. *Id.* at ¶ 26. The *Kalish* plurality opinion was an outgrowth of the Supreme Court's decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, which declared unconstitutional portions of Ohio's felony sentencing statutes that required judges to make certain findings before imposing maximum, consecutive, or more than the minimum sentences. The *Kalish* plurality is best understood as operating from the premise that because the findings requirements were unconstitutional and excised from the law, it also made sense to remove the standard of review that the legislature had crafted in conjunction with the findings requirements.

{¶7} Subsequent to *Kalish*, however, the United States Supreme Court made clear that it was constitutionally permissible to require judicial fact-finding as a prerequisite for the imposition of consecutive sentences. *See Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009). The Ohio Supreme Court subsequently acknowledged that the legislature could reenact consecutive sentence finding requirements, *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, ¶ 36, and the legislature responded by enacting 2011 Am.Sub.H.B. No. 86 ("H.B. 86"). The new legislation, effective September 30, 2011, revived the judicial fact-finding requirement for consecutive sentences, but did not revive the requirement for maximum and more than minimum sentences.

{¶8} Prior to the enactment of H.B. 86, the portions of Ohio's sentencing laws found unconstitutional in *Foster* remained part of the Revised Code. H.B. 86 cleaned up the Code by removing the provisions found unconstitutional in *Foster*, but not reenacted

4

in H.B. 86. 2011 Am.Sub.H.B. No. 86, Section 2. Thus, the provisions requiring findings for maximum and more than minimum sentences that the legislature did not intend to revive were explicitly repealed. *Id.* At the same time, H.B. 86 specifically reenacted the standard of review provisions of R.C. 2953.08(G)(2) that had been rejected by the *Kalish* plurality. 2011 Am.Sub.H.B. No. 86, Section 1.

{¶9} We presume the legislature knew what it was doing when it reenacted the R.C. 2953.08(G)(2) standard of review. And we cannot justify applying an abuse of discretion standard where the legislature has explicitly told us that the standard of review is not an abuse of discretion. Thus, henceforth, we will apply the statutory standard rather than the *Kalish* plurality framework to our review of felony sentences.

{¶10} Our decision today is consistent with the approach of the other Ohio appellate districts that have directly considered the issue since the enactment of H.B. 86. *See State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 10 ("By reviving the requirement for findings as a predicate for imposing consecutives, the ground offered by *Kalish* for rejecting the standard of review set forth in former R.C. 2953.08—that it could not stand as a standard of review for a statute that improperly required findings of fact before imposing consecutive sentences—was nullified."); *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525 (concluding that the statutory standard applies to all felony sentences, not just those where findings are required); *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6 ("[F]rom this day forward, rather than continue to apply the two-step approach as provided by *Kalish,* we find" that the standard in R.C. 2953.08(G)(2) applies to all felony sentences); *State v. Worth*, 10th Dist. Franklin No. 10AP-1125, 2012-Ohio-666, ¶ 83 (applying statutory test and noting that, as a plurality opinion, *Kalish* is of limited

precedential value); *State v. Blair-Walker*, 11th Dist. Portage No. 2012-P-0125, 2013-Ohio-4118 ("[W]e no longer apply the two-step analysis contained in the 2008 *Kalish* case to defendants sentenced under H.B. 86's enactment. Rather, we apply R.C. 2953.08(G) and the clear and convincing standard"); *see also State v. Fletcher*, 3rd Dist. Auglaize No. 2-13-02, 2013-Ohio-3076 (continuing to apply R.C. 2953.08 after *Kalish*).

III.

{¶11} Having settled upon the appropriate standard of review, we now apply the standard to Mr. White. Under R.C. 2953.08(G)(2), we may only modify or vacate Mr. White's sentence if we "clearly and convincingly find" that either (1) the record does not support the mandatory sentencing findings, or (2) that the sentence is "otherwise contrary to law." In this case, no findings were made and Mr. White does not argue that any were required, so our review is simply whether we clearly and convincingly find that the sentence is otherwise contrary to law.

{¶12} "Although *Kalish* no longer provides the framework for reviewing felony sentences, it does provide * * * guidance for determining whether a sentence is clearly and convincingly contrary to law." *State v. Lee*, 12th Dist. Butler No. CA2012-09-182, 2013-Ohio-3404, ¶ 10, quoting *A.H.* at ¶ 10. In *Kalish*, the plurality found that a sentence was not clearly and convincingly contrary to law where the trial court had considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors contained in R.C. 2929.12, properly applied postrelease control and imposed a sentence within the statutory range. *See Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶ 18; *see also A.H.* at ¶ 10.

{¶13} Here, Mr. White's six-year sentence fit comfortably within the permissible range for a second-degree felony. Further, the record indicates that the trial court properly considered the applicable sentencing provisions before imposing the

sentence. In sentencing Mr. White, the court stressed his violent history and the fact that despite numerous stints in prison he continued to "hurt people." It noted that he was likely to continue to commit crimes and that a prison term was necessary to protect the public. The court deliberated upon a sentence to a community-based correctional facility, but determined that he needed a more severe sanction. The court also considered the serious physical harm done to the victim. The trial court heard Mr. White speak about the progress he made after receiving medication for his mental health conditions and noted his apparent remorse. The court properly weighed these mitigating factors against his lengthy history of violent conduct in determining the appropriate sentence.

{¶14} We do not find that Mr. White's sentence was clearly and convincingly contrary to law. The sole assignment of error is overruled, and the judgment of the trial court is affirmed.

**HENDON**, **P.J.**, and **CUNNINGHAM**, **J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.