[Cite as *State v. Davis*, 2014-Ohio-794.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                    :          APPEAL NO. C-130198
                                             TRIAL NO. B-1205064A
    Plaintiff-Appellee,          :
                                                *O P I N I O N.*
  vs.                            :

DEREON TREMMEL DAVIS,             :

    Defendant-Appellant.         :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  March 5, 2014


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Christine Y. Jones*, for Defendant-Appellant.


Please note:  this case has been removed from the accelerated calendar.

SYLVIA S. HENDON, Judge.

{¶1}    Following a jury trial, defendant-appellant Dereon Davis was found guilty of robbery and sentenced to a term of six years' imprisonment.  Davis has appealed his conviction.

{¶2}    In five assignments of error, he argues that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence, that the trial court erred in overruling his Crim.R. 29 motion for an acquittal, that the sentenced imposed was contrary to law, and that the trial court erred by failing to record sidebar conferences.  Finding no merit to these arguments, we affirm the judgment of the trial court.

### Factual Background

{¶3}    In the early morning hours of June 30, 2012, Twana Thomas was robbed at gunpoint while walking with a friend.  Prior to the robbery, Thomas had noticed a four-door burgundy car drive around the block several times before it came to a stop a short distance in front of her.  As she was walking, both Dereon Davis and Darron Martin approached Thomas from behind.  Martin hit Thomas' companion in the head with a gun and demanded that he empty his pockets.  Martin then placed the gun in Thomas' face and demanded her purse.  Davis waited across the street as these events took place.  Martin fled with the purse, and both he and Davis got into the back seat of the burgundy car.  Martin sat behind the passenger and Davis took the seat behind the driver.  Thomas immediately notified the police that she had been robbed, and was able to provide them with a description of the defendants' vehicle and a partial license plate number.

{¶4}   After hearing a broadcast concerning the robbery, Cincinnati police Sergeant Brian Norris saw the burgundy car and initiated a stop. Martin was secured at gunpoint outside of the vehicle; Davis was apprehended in the back seat of the vehicle, behind the driver. Thomas was transported to the scene of the stop, where she identified both Martin and Davis as her assailants. Thomas' cell phone was recovered from the back seat during a search of the vehicle. Police also found a .45-caliber handgun underneath the passenger seat. Martin had a .45-caliber bullet in his pocket when arrested.

{¶5}   Davis denied all participation in the robbery. He testified that on the evening of June 30, 2012, his girlfriend, Deseree Harvey, had driven him around, and that he had been seated in the front passenger seat of Harvey's car the entire evening. At some point, he and Harvey had picked up LeCharles Smith and Martin, who both sat in the back of the car. According to Davis, he was woozy from the amount of alcohol and marijuana that he had consumed that evening, and he fell asleep in the car. Just before he fell asleep, Davis heard Smith instruct Harvey to stop the car, followed by the sound of a car door shutting. Davis did not wake until Sergeant Norris initiated the stop of Harvey's car.

### Sufficiency, Weight, and Crim.R. 29

{¶6}   In his first three assignments of error, Davis argues that his conviction was not supported by the sufficiency or the weight of the evidence, and that the trial court erred in overruling his Crim.R. 29 motion for an acquittal.

{¶7}   Davis was found guilty of robbery under R.C. 2911.02(A)(2). That statute provides in relevant part that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * *

[i]nflict, attempt to inflict, or threaten to inflict physical harm on another." Following our review of the record, we find that, after viewing all evidence and reasonable inferences in the light most favorable to the prosecution, the jury could reasonably have found all the elements of robbery proven beyond a reasonable doubt. *See State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). Davis' conviction was supported by sufficient evidence, and the trial court did not err in overruling his Crim.R. 29 motion for an acquittal. *See State v. Brumbach*, 1st Dist. Hamilton No. C-100792, 2011-Ohio-6635, ¶ 14.

{¶8} We further find that this was not the rare case in which the jury lost its way and created such a manifest miscarriage of justice that Davis' conviction must be reversed. *See State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). The jury was in the best position to judge the credibility of the witnesses, and it was free to disregard Davis' testimony as self-serving and find the testimony offered by the state's witnesses to be more credible. Davis' conviction was not against the manifest weight of the evidence. The first, second, and third assignments of error are overruled.

### *Sentencing*

{¶9} In his fourth assignment of error, Davis argues that the trial court erred in the imposition of sentence.

{¶10} This court may only vacate or modify a defendant's sentence if we find that the record does not support the mandatory sentencing findings or that the sentence imposed is otherwise contrary to law. *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 11 (1st Dist.). Davis has not raised any challenge with respect to the mandatory sentencing findings; rather, he argues that his sentence was contrary to

law because it was excessive. We are not persuaded. Davis' six-year sentence fell within the available sentencing range, and was not otherwise contrary to law. The fourth assignment of error is overruled.

*Unrecorded Sidebar Conferences*

{¶11} In his fifth assignment of error, Davis argues that the trial court erred by failing to record sidebar conferences.

{¶12} The record reflects that the trial court conducted numerous sidebar conferences with both Davis' attorney and counsel for the state, all of which took place off the record and were not recorded. The court later, outside the presence of the jury, summarized the content of each sidebar for the record, and it provided the attorneys an opportunity to add to the court's own summary of what had taken place. Davis raised no objection to the trial court's failure to record the sidebar conferences. Nor did he challenge or object to the trial court's summary of what had taken place. Davis now argues that Crim.R. 22 required the trial court to record the sidebar conferences. This rule provides that "[i]n serious offense cases all proceedings shall be recorded."

{¶13} The Ohio Supreme Court has considered this same issue on several occasions, and has determined that Crim.R. 22 requires the recording of sidebar conferences in serious offense cases. *State v. Brewer*, 48 Ohio St.3d 50, 60-61, 549 N.E.2d 491 (1990); *State v. Keenan,* 81 Ohio St.3d 133, 139, 689 N.E.2d 929 (1998). In *State v. Brewer*, after rejecting the defendant's argument that he had been prejudiced by the trial court's failure to record the sidebar conferences, the court stated that "[w]hile no prejudice occurred in the instant case, it is easy to imagine situations where the failure to record would mandate reversal. The minimal effort

needed to comply with Crim.R. 22 is far outweighed by the expense, in time and taxpayer money, of retrying a complex criminal case." *Brewer* at 61.

{¶14} In cases where a trial court fails to record sidebar conferences, the defendant bears the burden of reconstructing what had been said off the record pursuant to App.R. 9(C). *Id.* App.R. 9(C)(1) provides that "[i]f no recording of the proceedings was made, if a transcript is unavailable, or if a recording was made but is no longer available for transcription, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." Here, Davis has not prepared a statement pursuant to App.R. 9(C), but instead attempts to rely on the trial court's summary of the sidebar conferences, which he argues is equivalent to the reconstruction of the record required by App.R. 9. Although Davis failed to comply with App.R. 9(C), we find that his failure did not result in a waiver of this issue on appeal or prevent us from effectively reviewing the record because the record does contain a transcription of the trial court's summaries. *See id; see also State v. Simons*, 2d Dist. Champaign No. 2013 CA 5, 2013-Ohio-3654, ¶ 18 (holding that the appellant's failure to comply with App.R. 9(C) prevented the court from effectively reviewing the evidentiary issues raised by appellant). By failing to supplement the record, and by relying on the summaries proffered by the trial court, Davis has accepted the trial court's summaries as accurate representations of what took place during the unrecorded sidebar conferences.

{¶15} The trial court erred by failing to record the sidebar conferences. But that error was in no manner prejudicial. Davis failed to object to the unrecorded sidebar conferences and has accepted the trial court's summary of what took place during those conferences. And other than raising general allegations of prejudice, he

has not pointed out to this court any way in which he was actually prejudiced by the court's actions. The assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**CUNNINGHAM, P.J.,** and **HILDEBRANDT, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.