[Cite as *State v. Murry*, 2014-Ohio-1812.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                         :          APPEAL NO. C-130289
                                                  TRIAL NO. B-1203439
    Plaintiff-Appellee,           :

 vs.                                  :          *O P I N I O N.*

MARCUS MURRY,                          :

    Defendant-Appellant.          :

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:   Affirmed in Part, Sentences Vacated in Part, and
                                          Cause Remanded
Date of Judgment Entry on Appeal:  April 30, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp,*
Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michaela M. Stagnaro,* for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**HILDEBRANDT, Presiding Judge.**

{¶1}     Defendant-appellant Marcus Murry appeals the judgment of the Hamilton County Court of Common Pleas convicting him of felonious assault.  He was convicted after a bench trial.

### A History of Animosity

{¶2}     Murry is the former boyfriend of Bari Hemphill, with whom he had two children.  After the relationship with Bari Hemphill had ended, Murry developed an antipathy toward her brother, Charles Hemphill.  The state presented evidence that, in the past, Murry had threatened Charles Hemphill on various occasions and on at least one occasion had assaulted him.

{¶3}     In April 2012, Charles Hemphill drove to the residence of his girlfriend, Gemma Dodds.  Hemphill testified that, after Dodds had gotten into his vehicle, Murry had approached them wielding a machete.  According to Hemphill, Murry had stuck the blade of the machete through the open window of the driver's side in an attempt to strike him.

{¶4}     Hemphill was able to grab the blade of the machete and prevent Murry from swinging it.  But after Hemphill had done so, Murry began to repeatedly bite him on the ear and scalp.  Hemphill testified that Murry had nearly severed his ear from his head, had bitten off portions of his ear, and had caused numerous injuries to his scalp.

{¶5}     Bleeding profusely, Hemphill was able to push Murry away from the car.  As the two were struggling over the machete, Murry cut his hand and ran away.  Dodds then drove Hemphill to the hospital, where Hemphill underwent surgery to repair his injured ear.  The trial court observed during the trial that Hemphill had been permanently disfigured as a result of his injuries.  Dodds substantially corroborated Hemphill's version of the events.

{¶6}    Murry took the stand in his own defense and testified that Hemphill had repeatedly threatened him in the past. He stated that, on the date of the allege offenses, Hemphill had jumped out of his vehicle and had threatened him with a hammer. According to Murry, Hemphill had thrown the hammer at him, and they had started to fight. Murry stated that Dodds had entered the fray, repeatedly kicking him. Murry testified that he had bitten Hemphill to free himself from the altercation.

{¶7}    The trial court found Murry guilty of two counts of felonious assault, one for causing serious physical harm and one for the use of a deadly weapon. At the sentencing hearing, the court stated that it would merge the deadly-weapon count. But in its judgment entry, the court imposed six years' imprisonment for each offense.

### Prior-Acts Evidence

{¶8}    In his first assignment of error, Murry argues that the trial court erred in admitting improper prior-acts evidence. Specifically, he contends that the state was allowed to adduce inadmissible evidence about his previous altercations with Charles Hemphill.

{¶9}    We first note that because Murry did not object to the admission of the evidence, we review the record for plain error. Under the plain-error standard, we must affirm the conviction unless, but for the allegedly inadmissible evidence, the outcome of the trial would have been different. *See State v. Lukacs,* 188 Ohio App.3d 597, 2010-Ohio-2364, 936 N.E.2d 506, ¶ 34 (1st Dist.).

{¶10}   Evid.R. 404(B) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Under this rule, evidence of prior altercations may

3

be admitted to demonstrate the animosity harbored by the defendant toward the victim and thus to show a motive to commit assault. *See, e.g., State v. Mills,* 5th Dist. Richland No. 10CA119, 2011-Ohio-5793, ¶ 113 (evidence that defendant had previously been violent toward neighbors admissible as background to explain melee).

{¶11}     In this case, there was no plain error in the admission of the evidence. The history of Murry's antagonism toward Charles Hemphill was relevant to explain why he had committed the instant offenses and to demonstrate that he had acted knowingly in causing Hemphill's injuries. Accordingly, we overrule the first assignment of error.

## Prior Consistent Statements

{¶12}     In his second assignment of error, Murry contends that the trial court erred in admitting the prior consistent statements of Charles Hemphill indicating that Murry had been the aggressor and had wielded a machete on the night of the alleged assault. Murry maintains that the statements, elicited from an investigating officer, improperly bolstered Hemphill's testimony. Murry did not object to the evidence, and we again review the record for plain error.

{¶13}     Evid.R. 801(D)(1) provides that a statement is not hearsay if the declarant testifies at trial and the statement is "consistent with declarant's testimony and is offered to rebut an express or implied charge against declarant of recent fabrication or improper influence or motive * * *."

{¶14}     In this case, the statements were admissible under Evid.R. 801. On cross-examination of Charles Hemphill, Murry's counsel repeatedly implied that Hemphill had lied about the machete because his medical records did not reflect that he had reported being attacked with a weapon. Thus, the trial court could have reasonably concluded that there was sufficient impeachment of Hemphill to have constituted a charge of fabrication under Evid.R. 801. *See generally State v. Jones,*

1st Dist. Hamilton No. C-080518, 2009-Ohio-4190, ¶ 37.  Therefore, we overrule the second assignment of error.

### Performance of Trial Counsel

{¶15}     In his third assignment of error, Murry maintains that he was deprived of the effective assistance of trial counsel.  Specifically, he argues that counsel was deficient in failing to object to the prior-acts evidence and to the testimony about the prior consistent statements.

{¶16}     To establish ineffective assistance of counsel, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable performance and that prejudice arose from counsel's performance.  *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

{¶17}     In this case, we find no deficiency on the part of trial counsel.  As we have already held, the contested evidence was admissible.  Thus, there was no basis for counsel to object, and we overrule the third assignment of error.

### Sufficiency and Weight of the Evidence

{¶18}     In his fourth assignment of error, Murry argues that his conviction was based on insufficient evidence and was against the manifest weight of the evidence.

{¶19}     In reviewing the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *State v. Waddy*, 63 Ohio St.3d 424, 430, 588 N.E.2d 819 (1992).  To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and

conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice in finding the defendant guilty. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶20} The felonious-assault statute, R.C. 2903.11(A)(1), provides that "[n]o person shall knowingly * * * [c]ause serious physical harm to another * * *."

{¶21} In this case, the conviction was in accordance with the evidence. The state presented evidence that Murry had bitten Charles Hemphill in the ear and scalp, resulting in profuse bleeding. Hemphill's wounds required surgery, and he was permanently disfigured. Although Murry contends that he was merely attempting to defend himself, we cannot say that the trial court lost its way in finding him guilty. We overrule the fourth assignment of error.

### Sentencing

{¶22} In his fifth and final assignment of error, Murry argues that the court erred in its sentence. Murry contends that the trial court erred by failing to consider the proper statutory factors before imposing a six-year sentence.

{¶23} We find no merit in this argument. An appellate court may not reverse a sentence unless it is clearly and convincingly contrary to law. *See* R.C. 2953.08(G)(2); *State v. White,* 2013-Ohio-4225, 997 N.E.2d 629, ¶ 11 (1st Dist.). We must presume that the court considered all relevant sentencing factors unless the defendant affirmatively demonstrates that the court had failed to do so. *State v. Brown,* 1st Dist. Hamilton No. C-120327, 2013-Ohio-2720, ¶ 46.

{¶24} Here, the trial court explicitly considered Murry's lack of a serious criminal record, but it concluded that the extent of the injuries warranted a substantial prison sentence. The record supports that conclusion, and the sentence was not contrary to law.

{¶25} Murry also argues that the court erred by failing to notify him that he may be eligible for earned days of credit under R.C. 2967.193(A). This argument

is also without merit, as the amended version of R.C. 2967.193(A) no longer requires such a notification. *See State v. Graham,* 1st Dist. Hamilton No. C-130375, 2014-Ohio-1024, ¶ 9. Thus, we overrule the fourth assignment of error.

{¶26} But we do find error in the trial court's failure to indicate in its judgment entry that the second count of felonious assault is merged with the first count for sentencing purposes. Accordingly, we vacate the sentences in part and remand the cause for merger in accordance with the trial court's pronouncement at the sentencing hearing.

### Conclusion

{¶27} We vacate the sentences in part and remand the cause for the trial court to amend its judgment entry to reflect merger of the second count of felonious assault with the first. In all other respects, we affirm the judgment of the trial court.

Judgment affirmed in part, sentences vacated in part, and cause remanded.

**DINKELACKER** and **FISCHER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.