[Cite as *State v. Jenkins*, 2014-Ohio-3150.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 14 CA 17 |
| ISAAC JENKINS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:       Criminal Appeal from the Court of Common
                               Pleas, Case No.  11 CR 334 D


JUDGMENT:                      Affirmed


DATE OF JUDGMENT ENTRY:        July 17, 2014


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JAMES J. MAYER, JR.                   ISAAC JENKINS
PROSECUTING ATTORNEY                  PRO SE
JILL M. COCHRAN                       RICHLAND CORR. INSTITUTION
ASSISTANT PROSECUTOR                  Post Office Box 8107
38 South Park Street                  Mansfield, Ohio  44901
Mansfield, Ohio  44902

*Wise, J.*

{¶1}. Defendant-Appellant Isaac Jenkins appeals the decision of the Court of Common Pleas, Richland County, which denied his motion for resentencing regarding a 2012 felony conviction for drug possession and related charges. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2}. On or about May 10, 2011, appellant presented a forged prescription for Oxycodone at a Walgreen's pharmacy in Mansfield, Ohio. Based on this incident, appellant was indicted by the Richland County Grand Jury on June 10, 2011, on one count of forgery (R.C. 2913.31(A)(3)), a felony of the fifth degree; one count of illegal processing of drug documents (R.C. 2925.23(B)(1)), a felony of the fifth degree (later amended to a felony of the fourth degree); and one count of possession of Oxycodone in an amount equal to or exceeding five times the bulk amount but less than fifty times the bulk amount (R.C. 2925.11(A)), a felony of the second degree.

{¶3}. On September 6, 2012, appellant waived his right to a jury, and the trial court conducted a bench trial. Appellant was thereupon found guilty and sentenced to nine months in prison on Count I, twelve months in prison on Count II, and four years on Count III. The sentences were ordered to be served concurrently, for a total sentence of four years.

{¶4}. Appellant did not file a direct appeal of his conviction and/or sentence.

{¶5}. On February 3, 2014, appellant filed a pro se motion for resentencing, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010–Ohio–6238. In particular, appellant maintained that he should have been afforded findings regarding his "more than minimum" sentences. The State filed a response memorandum on February 12, 2014.

Appellant filed a reply memorandum on February 25, 2014. On that date, the trial court issued a judgment entry overruling appellant's motion for resentencing.

{¶6}. Appellant filed a notice of appeal on March 12, 2014. He herein raises the following sole Assignment of Error:

{¶7}. "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO RESENTENCE APPELLANT PURSUANT TO *STATE V. FISCHER*, 128 OHIO ST.3D 92.

I.

{¶8}. In his sole Assignment of Error, appellant contends the trial court erred in overruling his motion for resentencing. We disagree.

{¶9}. In *Fischer*, *supra*, the Ohio Supreme Court held in pertinent part that "[a] sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *Id.*, at paragraph one of the syllabus.

{¶10}. In the case sub judice, appellant, in his motion for resentencing, did not raise any issues pertaining to post-release control. Accordingly, we initially find his reliance on *Fischer* to be without merit.

{¶11}. Turning to appellant's specific claim regarding his "more than minimum" sentences, we note in *State v. Foster* (2006), 109 Ohio St.3d 1, the Ohio Supreme Court held, under the United States Supreme Court's decisions in *Apprendi v. New Jersey* (2000), 530 U.S. 466, 120 S.Ct. 2348, and *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, that portions of Ohio's sentencing scheme were

unconstitutional because they required judicial fact finding before a defendant could be sentenced to more than the minimum sentence, the maximum sentence, and/or consecutive sentences. *See State v. Mobley*, Fairfield App.No. 07-CA-26, 2007-Ohio-6101, ¶ 8. Therefore, in the initial post-*Foster* era, this Court consistently held that judicial fact finding was not required before a trial court could impose non-minimum, maximum or consecutive prison terms. *See, e.g., State v. Williams,* Muskingum App. No. CT2009–0006, 2009–Ohio–5296, ¶ 19.

{¶12}. As a further development in this area, 2011 Am.Sub.H.B. No. 86, which became effective on September 30, 2011, revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4); the General Assembly thus expressed its intent to revive the statutory fact-finding provisions pertaining to the imposition of consecutive sentences that were effective pre-*Foster. See State v. Wells,* Cuyahoga App.No. 98428, 2013–Ohio–1179, ¶ 11.[1] However, under H.B. 86, "*** the provisions requiring findings for maximum and more than minimum sentences that the legislature did not intend to revive were explicitly repealed." *State v. White*, 1st Dist. Hamilton No. C-130114, 2013-Ohio-4225, ¶ 8.

{¶13}. Accordingly, assuming arguendo the doctrine of res judicata does not apply against appellant, we find his sentence of September 12, 2012, was not only post-*Foster*, but was also unaffected by H.B. 86. As such, appellant was not entitled in 2012 to statutory findings regarding his "more than minimum" sentences, and the trial court properly denied his 2014 request for resentencing on that basis.

---

[1]    In addition, H.B. 86 reduced the maximum prison term for certain third-degree felonies; this aspect of the legislation is not pertinent to the present appeal.

{¶14}. Appellant's sole Assignment of Error is overruled.

{¶15}. For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.


By: Wise, J.

Hoffman, P. J., and

Farmer, J., concur.



JWW/d 0624