[Cite as *State v. Saunders*, 2017-Ohio-8557.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                      :        APPEAL NO. C-160781
                                              TRIAL NO. 16CRB-2972
    Plaintiff-Appellee,        :

  vs.                              :

                                              *O P I N I O N.*

WESLEY SAUNDERS,                    :

    Defendant-Appellant.       :


Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  November 15, 2017


*Paula Boggs Muething*, City Solicitor, *Natalia Harris*, City Prosecutor, and *Christopher Liu,* Appellate Director, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Demetra Stamatakos*, Assistant Public Defender, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1}   Wesley Saunders appeals the judgment of the Hamilton County Municipal Court, convicting him, after a bench trial, of assault.  We affirm the trial court's finding of guilt, but we reverse the sentence, and remand the cause to the trial court for resentencing because the trial court did not afford Saunders his right of allocution.

### Facts

{¶2}   On December 13, 2015, Wesley Saunders was involved in a car accident.  While he was stopped at a red light, he was hit from behind by a car driven by Laverda Taylor.  The impact of the crash caused Saunders' car to hit the car in front of him and caused his air bag to deploy.  His car started smoking, and Saunders exited from the vehicle.

{¶3}   Saunders confronted Taylor and became angry and upset when he learned she had no car insurance.  While Saunders was arguing with Taylor, Alfred Crawford, a passenger in Taylor's car, got out of the car.  Crawford was approached by the driver of the car that was struck by Saunders' car, who demanded money and tried to reach into Crawford's pocket.  After pushing the third driver's hand away, Crawford noticed Saunders becoming increasingly confrontational with Taylor.

{¶4}   Both Crawford and Taylor believed that Saunders was going to strike her, so Crawford approached and asked Saunders to back away from Taylor.  Crawford and Saunders began to fight.  During the altercation, Crawford, who admitted he had been drinking tequila earlier that evening, tripped on the curb and fell to the ground.  While he was on the ground, Saunders put him in a chokehold.  While Crawford was on the ground, he was

repeatedly kicked and punched. Eventually, Crawford lost consciousness. When the police arrived, Crawford was taken to the hospital to be treated. Crawford suffered a severe concussion, a sprained knee, and multiple bruises around his eyes, neck, and elbow.

{¶5} At trial, Saunders testified that Crawford confronted him and accused him of causing the accident. Saunders, who believed Crawford was intoxicated, stated that Crawford had swung at him first. Saunders responded by engaging in a fight and putting Crawford in a chokehold to restrain him until the police arrived. Saunders denied hitting or kicking Crawford while he restrained him, but testified that the third driver did.

{¶6} Both Crawford and Taylor testified that Saunders hit Crawford first, and that Saunders continued to hit and kick Crawford after he was on the ground. After a bench trial, the court found Saunders guilty. The trial court determined that Crawford's testimony of the events was more credible than Saunders' version.

{¶7} The court continued the case for sentencing and requested a presentence investigation ("PSI"). The victim did not submit to a victim-impact statement for inclusion in the PSI. At the sentencing hearing, the court invited Saunders' counsel to speak in mitigation. However, the court did not address Saunders and ask whether he wished to make a statement. The court sentenced Saunders to a suspended jail term of 180 days and one year of community control. The sentence was stayed pending appeal.

### Manifest Weight

{¶8} In his first assignment of error, Saunders contends that the conviction was against the manifest weight of the evidence because Crawford

started the fight, and Saunders merely defended himself. Saunders primarily argues that the testimony of Crawford and Taylor was not credible.

{¶9} However, it is well settled law that matters as to the credibility of witnesses are for the trier of fact to resolve. *See State v. Railey*, 2012-Ohio-4233, 977 N.E.2d 703, ¶ 14 (1st Dist.). We may consider the credibility of the witnesses, yet we are guided by the presumption that the trial court in a bench trial, "is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible." *State v. Strider-Williams*, 10th Dist. Franklin No. 10AP-334, 2010-Ohio-6179, ¶ 13. A reviewing court must give great deference to the factual findings of the judge regarding the credibility of the witnesses. *Id.*

{¶10} Here, the trial court determined that Crawford's testimony was more credible than Saunders'. After reviewing the entire record, we cannot say that the court clearly lost its way and created such a manifest miscarriage of justice that we must reverse Saunders' conviction and order a new trial. Therefore, the conviction was not against the manifest weight of the evidence. *See State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). We overrule Saunders' first assignment of error.

### *Right of Allocution*

{¶11} In his second assignment of error, Saunders contends that he was denied his right of allocution at sentencing because the court failed to address him personally and allow him the opportunity to speak. We agree.

{¶12} The plain language of Crim.R. 32(A)(1) imposes a mandatory duty upon the trial court to address the defendant and provide him with the opportunity to speak before sentencing. *State v. Green,* 90 Ohio St.3d 352,

359-360, 738 N.E.2d 1208 (2000). "A Crim.R. 32 inquiry is much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse." *Id.* at 352, 359-360. When a trial court imposes sentence without first asking the defendant whether he wishes to make a statement in his behalf, the judgment of sentence shall be reversed and the cause shall be remanded for resentencing, unless the error is invited or harmless. *State v. Campbell*, 90 Ohio St.3d 320, 325-326, 2000-Ohio-183, 738 N.E.2d 1178.

{¶13} In the present case, the trial court failed to follow the mandate of Crim.R. 32(A)(1) when it did not personally address Saunders and asked if he wished to speak. Based on a review of the record before us, we cannot find that the trial court's error was invited or harmless. Accordingly, we sustain his second assignment of error, reverse the sentence, and remand the cause for resentencing. The trial court's judgment is affirmed in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

**MYERS** and **MILLER, JJ.**, concur.

Please note:

The court has recorded its own entry this date.

5