[Cite as *State v. Ward*, 2017-Ohio-8964.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170175 |
| | | TRIAL NO. B-1601029 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| ALLEN WARD, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  December 13, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Brian T. Goldberg,* for Defendant-Appellant.

**DETERS, Judge.**

{¶1}   Defendant-appellant Allen Ward was indicted for two counts of endangering children and one count of felonious assault.  Following a plea hearing, Ward pleaded guilty to felonious assault and one count of endangering children.  In exchange, the state dismissed the remaining endangering-children charge. The trial court sentenced Ward to eight years in prison for the felonious-assault offense and 36 months for the endangering-children offense.  It ordered the sentences be served concurrently, for an aggregate eight-year prison sentence. Ward appeals his convictions, raising two assignments of error.

{¶2}   In his first assignment of error, Ward argues that the trial court erred by denying him the right of allocution before sentencing him to prison.  The state concedes the error.

{¶3}   The Ohio Supreme Court has held that the right of allocution is mandatory.  *State v. Campbell*, 90 Ohio St.3d 320, 324-325, 738 N.E.2d 1178 (2000).   When imposing sentence, a trial court must address the defendant personally and ask whether he wishes to make a statement on his own behalf or to present any information in mitigation of punishment.  *See* Crim.R. 32(A)(1); R.C. 2929.19(A); *State v. Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, 81 N.E.3d 1237, ¶ 10.

{¶4}   "The right of allocution belongs to the defendant himself." *State v. Osume*, 1st Dist. Hamilton No. C-140390, 2015-Ohio-3850, ¶ 23*,* citing *State v. Thompson*, 1st Dist. Hamilton No. C-120516, 2013-Ohio-1981, ¶ 5.   Thus, it is insufficient for the trial court to give defense counsel the opportunity to speak on the defendant's behalf.  *See Osume* at ¶ 23, citing *State v. Green*, 90 Ohio St.3d 352, 359-

360, 738 N.E.2d 1208 (2000); *see also State v. Crawley*, 1st Dist. Hamilton Nos. C-150403 and C-150422, 2016-Ohio-658, ¶ 8.

{¶5}    If a trial court imposes sentence without first asking the defendant if he wants to exercise the right of allocution, resentencing is required unless the error is invited or harmless. *Campbell* at paragraph three of the syllabus. "An error will be deemed harmless only in unusual circumstances." *State v. Greenway*, 1st Dist. Hamilton No. C-160511, 2017-Ohio-7729, ¶ 22.

{¶6}    At the sentencing hearing, the trial court permitted Ward's counsel to present testimony from Dr. Nancy Schmidtgoessling in mitigation and to speak on Ward's behalf.   The trial court, however, failed to address Ward personally and ask him if he wished to make a statement on his own behalf before imposing sentence. The record contains no evidence that Ward invited the error, or that there were any unusual circumstances that could have rendered the error harmless. *See Osume* at ¶ 24; *State v. Matthews*, 1st Dist. Hamilton No. C-140663, 2015-Ohio-5075, ¶ 14; *Crawley* at ¶ 9-10; *Greenway* at ¶ 22-23; *State v. Saunders*, 1st Dist. Hamilton No. C-160781, 2017-Ohio-8557, ¶ 13.  Thus, we sustain the first assignment of error.

{¶7}    Our disposition of Ward's first assignment of error renders moot his second assignment of error, in which he challenges the trial court's imposition of the maximum prison term for the felonious-assault offense.   We, therefore, reverse Ward's sentences, and remand this cause for resentencing.   We affirm the trial court's judgment in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

**MYERS, P.J.,** and **MILLER, J.,** concur.

Please note:
The court has recorded its own entry this date.

3