[Cite as *State v. Afolabi*, 2019-Ohio-2196.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170658 |
| | | TRIAL NO. B-1606884 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| SAMUEL OLUGBEMIGA AFOLABI, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  June 5, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk*, for Defendant-Appellant.

**Zayas, Presiding Judge.**

{¶1}    Defendant-appellant Samuel Afolabi was charged with gross sexual imposition, a felony of the fourth degree.  He pled guilty as charged.  At the sentencing, he requested community control because he was a first-time offender, 46 years old, a nurse, and claimed remorse.  The court sentenced him to 18 months' incarceration and classified him as a Tier I sex offender.

{¶2}    In his sole assignment of error, Afolabi argues that the trial court erred in excessively sentencing him to a maximum term of 18 months because the record did not support a maximum sentence.  He further contends that the trial court erred as a matter of law in classifying him as a Tier I sex offender.  We find no merit to his assignment of error, and we affirm the judgment of the trial court.

### *Relevant Facts*

{¶3}    On December 2, 2016, Samuel Afolabi, a temporary agency nurse who was working in a nursing facility, had sexual contact with a coworker he had just met.  The victim was in the bathroom of a resident, while the resident was seated on the couch.  Afolabi entered the bathroom, grabbed the victim, and threw her against the wall.  While making offensive statements, he put his hands up her shirt and down her pants, forced her onto the toilet, straddled her, grinded his penis on her, and ejaculated.  Afolabi was charged with and pled guilty to gross sexual imposition, a felony of the fourth degree.

{¶4}    The victim spoke at the plea hearing.  She stated that the offense had severely traumatized her, and she had suffered from depression, lost her job, and lost her home.  She further stated that she had quit breastfeeding her baby because of the memory of Afolabi groping her breasts.  She requested that Afolabi be incarcerated.

{¶5} The trial court continued the matter for sentencing and ordered a presentence-investigation report ("PSI"). At the sentencing hearing, Afolabi apologized for committing the offense. However, the trial court concluded that he was not remorseful and had failed to take responsibility for his conduct based on the PSI. Instead of admitting his conduct to the probation officer who prepared the PSI, Afolabi stated that all he had done was hug the victim at work and wet his pants.

{¶6} In imposing sentence, the court acknowledged that Afolabi was a first-time offender, but the court determined that he had committed one of the most serious forms of the offense that severely impacted the victim. The court sentenced him to a maximum term of incarceration of 18 months and classified him as a Tier I sex offender.

### The Propriety of the Sentence

{¶7} In his sole assignment of error, Afolabi contends that the maximum sentence was not supported by the record. This court reviews sentences under the standard of review set forth in R.C. 2953.08(G)(2). Under that standard, an appellate court "may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1; *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629 (1st Dist.). However, "the trial court is not required to note its consideration of all the sentencing factors." *State v. Bedell*, 2018-Ohio-721, 107 N.E.3d 160, ¶ 29 (1st Dist.).

{¶8} The trial court reviewed the PSI, considered the facts of the case and the victim's statement, and engaged in a clear analysis of the evidence presented at

the sentencing hearing. The court considered Afolabi's lack of criminal history, yet found he committed the most serious form of the offense. Upon careful review of the record, we find Afolabi failed to demonstrate that the record does not clearly and convincingly support the trial court's findings relative to sentencing.

{¶9} In one sentence, Afolabi also argues that the Tier I classification should be vacated. Afolabi makes no argument as to why the classification should be vacated. Ohio's version of the Adam Walsh Act requires the trial court to classify an offender based solely on his conviction. R.C. 2950.01. A conviction for gross sexual imposition requires the court to impose a Tier I classification on the offender. R.C. 2950.01(E)(1)(C).

{¶10} Accordingly, we find no basis for reversal or modification, relative to the trial court's findings, and the sole assignment of error is overruled.

### Conclusion

{¶11} Having overruled Afolabi's sole assignment of error, we affirm the judgment of the trial court.

Judgment affirmed.

**MYERS** and **CROUSE, JJ.,** concur.

Please note:
        The court has recorded its own entry this date.