[Cite as *State v. Ward*, 2019-Ohio-3111.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180573 |
| | | TRIAL NO. B-1601029 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | |
| | | *O P I N I O N.* |
| ALLEN WARD, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  August 2, 2019

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy McKenna*, for Defendant-Appellant.

**CROUSE, Judge.**

{¶1}    Plaintiff-appellant Allen Ward appeals his eight-year prison sentence for felonious assault and his concurrent 36-month prison sentence for endangering children. In one assignment of error, Ward argues that the record does not support the lengthy prison sentence imposed by the court. For the following reasons, we affirm.

### Factual Background and Procedural Posture

{¶2}    Ward pleaded guilty to one count of felonious assault, a felony of the second degree, and one count of endangering children, a felony of the third degree. These charges arose from Ward punching an approximately 18-month-old child in the abdomen and forcing the child into a hot tub of water. The child had broken bones, liver lacerations, and burns to his body.

{¶3}    The trial court sentenced Ward to the maximum eight years on the felonious-assault count and the maximum 36 months on the endangering-children count, to be served concurrently. Ward appealed, and this court remanded his case for resentencing because the trial court did not provide Ward with his right of allocution. *See State v. Ward*, 1st Dist. Hamilton No. C-170175, 2017-Ohio-8964, ¶ 6.

{¶4}    At Ward's resentencing, Ward's counsel reminded the court of the expert testimony from the original sentencing, which stated that Ward had a "very low IQ" and his intellectual disability may have been a contributing factor to the offenses. Counsel also noted that Ward did not have a significant criminal record prior to this offense and the child victim had fully recovered. Counsel requested an aggregate sentence of four years.

{¶5}   Ward spoke on his own behalf at the resentencing, and said that while he has been incarcerated he has not been idle even though there were not many resources available. He asked for mercy and said he was truly sorry and that the court would not see him again.

{¶6}   The state requested that the court impose the same sentences, which amounted to a total of eight years in prison.

### *Law and Analysis*

{¶7}   Appellate courts review sentences under the standard of review set forth in R.C. 2953.08(G)(2). An appellate court may modify or vacate a felony sentence "only if it 'clearly and convincingly finds' that the record does not support the mandatory sentencing findings, if any, or that the sentence is 'otherwise contrary to law.' " *State v. Brown*, 1st Dist. Hamilton Nos. C-170713 and C-170714, 2019-Ohio-1455, ¶ 10, citing R.C. 2953.08(G)(2); *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231 ¶ 1, 23; *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 11 (1st Dist.).

{¶8}   This court has held that a trial court is not required to make findings regarding the R.C. 2929.11 principles and purposes of felony sentencing, or the seriousness and recidivism factors of R.C. 2929.12. *State v. Ridder*, 1st Dist. Hamilton No. C-150460, 2016-Ohio-5195, ¶ 29. In fact, this court has held that where the record is silent regarding the court's consideration of R.C. 2929.11 or 2929.12, we presume the trial judge properly considered those statutes, and it is the defendant's burden to demonstrate otherwise. *Id.*; *State v. Cephas*, 1st Dist. Hamilton No. C-180105, 2019-Ohio-52, ¶ 42, *appeal not allowed*, 155 Ohio St.3d 1423, 2019-Ohio-1421, 120 N.E.3d 868.

3

{¶9} The trial court was not required to make any mandatory sentencing findings before sentencing Ward, and Ward has failed to demonstrate that the trial court failed to consider R.C. 2929.11 or 2929.12. Rather, Ward argues that because he was remorseful, he bettered himself while in prison, and his actions were not the worst form of the offense, i.e., the child was not permanently injured, a four-year rather than an eight-year aggregate sentence was warranted in this case.

{¶10} In sentencing Ward, the trial court stated that it appreciated everything that was said in mitigation. However, the court stated, "That does not dismiss the fact that a baby was assaulted at your hands pretty significantly." The court acknowledged that even though the injuries were not permanent or the worst form of the offense, it believed that an eight-year aggregate sentence was appropriate in this case. Significantly, the court chose not to order that Ward's sentences be served consecutively, which would have amounted to an 11-year sentence.

{¶11} The court's comments at the resentencing hearing do not rise to the level of an affirmative demonstration that it was not considering the principles and purposes of R.C. 2929.11 and 2929.12. Furthermore, Ward's sentences fell within the available sentencing ranges and were not otherwise contrary to law.

{¶12} We accordingly overrule Ward's sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.


MYERS, P.J., and WINKLER, J., concur.

4

**Please note:**

The court has recorded its own entry on the date of the release of this opinion.