[Cite as *State v. Kinley*, 2020-Ohio-542.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                   :        APPEAL NO. C-190270
                                          TRIAL NO. B-1900756A
    Plaintiff-Appellee,        :
                                              *O P I N I O N.*
  vs.                            :

STEPHANIE KINLEY,                :

    Defendant-Appellant.       :



Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause
                                Remanded

Date of Judgment Entry on Appeal:  February 19, 2020


*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Mary Stier*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Arenstein & Gallagher*, *William Gallagher* and *Elizabeth Conklin*, for Defendant-Appellant.

**MYERS, Presiding Judge.**

**{¶1}** Defendant-appellant Stephanie Kinley appeals from the trial court's judgment convicting her of five counts of theft. In three assignments of error, she argues the sentences imposed were contrary to law, her trial counsel rendered ineffective assistance, and the trial court's judgment entry does not reflect the correct amount of jail-time credit.

**{¶2}** Because the trial court's judgment entry incorrectly reflects that Kinley was awarded two days of jail-time credit, when the trial court had actually awarded Kinley 52 days of jail-time credit, we remand this case for the trial court to correct nunc pro tunc the clerical error in its judgment entry. The judgment of the trial court is otherwise affirmed.

### *Procedural Background*

**{¶3}** Kinley was indicted for five counts of theft, three counts of unauthorized use of property, five counts of tampering with records, and five counts of forgery. She ultimately pled guilty to five counts of theft. Three of these theft offenses were fourth-degree felonies and the remaining two offenses were third-degree felonies. The trial court sentenced Kinley to 12 months in prison for each of the three offenses that were fourth-degree felonies. And it sentenced her to 18 months in prison for the two offenses that were third-degree felonies. All sentences were made concurrent, resulting in an aggregate sentence of 18 months in prison. At the sentencing hearing, the trial court awarded Kinley 52 days of jail-time credit.

*Sentencing*

{¶4}   In her first assignment of error, Kinley challenges the sentences imposed, arguing that they were disproportionate to her conduct and its impact on the victims.

{¶5}   Pursuant to R.C. 2953.08(G)(2), we may modify or vacate a defendant's sentence only if we clearly and convincingly find that the record does not support the mandatory sentencing findings or that the sentence is contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22-23; *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 5 (1st Dist.). No mandatory sentencing findings were required in this case. And all sentences imposed fell within the applicable statutory ranges and were not contrary to law.

{¶6}   Kinley contends that the trial court's findings with respect to the seriousness and recidivism factors under R.C. 2929.11 and 2929.12 were erroneous. While a trial court is to be guided by the purposes of felony sentencing set forth in R.C. 2929.11 and is required to consider the seriousness and recidivism factors contained in R.C. 2929.12, these are not fact-finding statutes, and in the absence of an affirmative demonstration by the defendant to the contrary, we may presume that the trial court considered them. *State v. Patterson*, 1st Dist. Hamilton No. C-170329, 2018-Ohio-3348, ¶ 60. In this case, the trial court specifically stated at sentencing that it had considered the relevant sentencing factors.

{¶7}   Kinley further takes issue with certain statements that the trial court made at sentencing, contending that the trial court erroneously treated her theft offenses as being tantamount to the offense of burglary. We disagree. Kinley's theft convictions involved the act of forging documents (including deeds) and transferring real properties from the victims into the name of Kinley or that of a corporation that she had set up. At sentencing, the trial court noted that there were victims who were

3

harmed. Kinley gave a curt response indicating she did not believe anyone was harmed and stating she would like to see a doctor's bill showing harm. One of the victims then spoke about the harm suffered. In announcing its sentence, the trial court talked about the seriousness of the offense and the impact on the victims. The court then discussed how violated a victim would feel to come home to her house and find someone had forged a deed and had taken it. The court then stated:

> That's just flat out mean. Anybody that deals with me knows I don't like burglars because they change people's lives forever. You break into somebody's house, those people forever, forever, every time they go in that house turn the lights on. They're wondering is somebody in my house. What you guys did is like a burglary, okay? The burglar is going to take money and take property and whatever he needs. You guys went into people's property and took their property and didn't leave.

The court then proceeded to discuss the impact that Kinley's actions had on the victims. These comments were not improper. The trial court did not equate Kinley's theft offense to the offense of burglary, but rather analogized the fear and harm that Kinley's victims experienced to that of a victim of burglary.

{¶8} The trial court did not err in the imposition of sentence. The first assignment of error is overruled.

### *Ineffective Assistance*

{¶9} In her second assignment of error, Kinley argues that she received ineffective assistance from her trial counsel because counsel failed to ask the trial court to waive the imposition of court costs at sentencing. She contends there was a

4

strong probability that the trial court would have waived the payment of court costs and that she was prejudiced by counsel's actions.

{¶10} Counsel will not be considered ineffective unless her or his performance was deficient and caused actual prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989). Counsel's performance will only be deemed deficient if it fell below an objective standard of reasonableness. *Strickland* at 688; *Bradley* at 142. A defendant is only prejudiced by counsel's performance if there is a reasonable probability that the outcome of the proceeding would have been different but for the deficient performance. *Strickland* at 694; *Bradley* at 142. A reviewing court must indulge a presumption that counsel's behavior fell within the acceptable range of reasonable professional assistance. *Strickland* at 689; *Bradley* at 142.

{¶11} A trial court is required to impose court costs pursuant to R.C. 2947.23(A)(1)(a), which specifically states that "[i]n all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs." But R.C. 2947.23(C) further provides that "[t]he court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter." So although the imposition of the court costs is mandatory, the trial court has the authority to waive the payment of the costs any time after they are imposed, as long as they remain unpaid. *State v. Braden*, Slip Opinion No. 2019-Ohio-4204, ¶ 23 and 30; *State v. Moore*, 6th Dist. Erie No. E-19-009, 2019-Ohio-4609, ¶ 15.

{¶12} In *State v. Davis*, Slip Opinion No. 2020-Ohio-309, the Ohio Supreme Court recently addressed whether trial counsel's failure to ask the trial court to waive

court costs at sentencing constituted ineffective assistance when the defendant had previously been found indigent. The court held that "a court must review the facts and circumstances of each case objectively and determine whether the defendant demonstrated a reasonable probability that had his counsel moved to waive court costs, the trial court would have granted that motion." *Id.* at ¶ 14. Prejudice cannot be presumed merely because the defendant had previously been found indigent. *Id.* at ¶ 15. Nor can the lack of prejudice be presumed merely because the defendant may move for a waiver of court costs at a later time after sentencing. *Id.* at ¶ 14.

{¶13} Here, Kinley argues that the trial court would likely have granted a motion to waive court costs because she previously had been found indigent, her financial circumstances had not changed at the time of sentencing, and appellate counsel had been appointed for her. We hold that Kinley has failed to demonstrate a reasonable probability that the trial court would have granted a motion to waive court costs. Kinley has demonstrated that she was indigent, but as the *Davis* court noted, that is not sufficient for prejudice to be presumed. *See id.* at ¶ 15. Moreover, there is evidence in the record that Kinley held steady employment until her arrest.

{¶14} Because Kinley has failed to establish that she was prejudiced by counsel's failure to request a waiver of court costs, we overrule the second assignment of error.

### *Jail-Time Credit*

{¶15} In her third assignment of error, Kinley argues that the trial court erred by awarding her only two days of jail-time credit in the judgment entry, when it had awarded her 52 days of jail-time credit at sentencing. The state concedes that the judgment entry does not correctly reflect the amount of jail-time credit.

6

{¶16} We agree, and therefore sustain Kinley's third assignment of error. This case is remanded for the trial court to correct nunc pro tunc the clerical error in its judgment entry so that the entry reflects that Kinley is entitled to 52 days of jail-time credit. The judgment of the trial court is otherwise affirmed.

Judgment accordingly.

**CROUSE** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.