[Cite as *State v. Chandler*, 2020-Ohio-1371.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-190174 |
| | | C-190175 |
| Plaintiff-Appellee, | : | TRIAL NOS. B-1705846-B |
| | | B-1705909 |
| vs. | : | |
| HAROLD CHANDLER, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Affirmed in C-190174; Appeal Dismissed in C-190175

Date of Judgment Entry on Appeal: April 8, 2020

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy McKenna*, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1}     Harold Chandler appeals his sentences, after his guilty pleas, for burglary and attempted arson.  In one assignment of error, Chandler contends that the trial court erred by failing to merge his convictions for sentencing because they were allied offenses.  Finding no merit to his assignment of error, we affirm the judgment of the trial court.

{¶2}     We note that Chandler also appealed his conviction for escape in the appeal numbered C-190175, but raised no assignments of error related to that conviction.  Accordingly, we dismiss that appeal.  *See State v. Harris*, 2017-Ohio-5594, 92 N.E.3d 1283, ¶ 42 (1st Dist.).

## Factual Background

{¶3}     Chandler was charged with two counts of aggravated arson and burglary for breaking into Tracey Jackson's apartment and setting fire to her bed, creating a serious risk of physical harm to her and causing physical harm to the building.  The fire caused damage to Jackson's apartment and the building.  Chandler pled guilty to attempted arson for causing physical harm to the building and burglary.  At the sentencing hearing, Chandler argued that the offenses were allied and should merge because he committed the offenses with a single course of conduct.  The trial court determined the offenses should not merge, and sentenced him to 36 months' incarceration on each offense, to be served consecutively.

## Standard of Review

{¶4}     In his sole assignment of error, Chandler argues that the trial court erred by sentencing him on allied offenses that were subject to merger under R.C. 2941.25.  We conduct a de novo review because Chandler raised the argument before

the trial court, and the trial court made a merger determination. *See State v. Shelton*, 1st Dist. Hamilton No. C-170547, 2018-Ohio-3895, ¶ 44.

## Law and Analysis

{**¶5**}   Under R.C. 2941.25, a trial court must merge offenses if the conduct of the defendant can be construed to constitute two or more allied offenses of a similar import, and this conduct shows that the offenses were not committed separately or with a separate animus. *See State v. Bailey*, 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, ¶ 74.   The determination of whether offenses are allied contemplates "three separate factors-the conduct, the animus, and the import." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraph one of the syllabus.

{**¶6**}   Offenses of dissimilar import exist when the conduct involves separate victims or if each offense caused separate, identifiable harm. *Id.* at paragraph two of the syllabus.   Separate convictions are permitted for allied offenses if the offenses were (1) dissimilar in import or significance, (2) committed separately, or (3) committed with a separate animus or motivation. *Id.* at paragraph three of the syllabus.   A reviewing court may end its analysis upon finding that any one of the three applies. *Bailey* at ¶ 83.

{**¶7**}   Chandler was convicted of attempted arson in violation of R.C. 2909.03(A)(1), which states, "No person, by means of fire or explosion, shall knowingly do any of the following: (1) Cause, or create a substantial risk of, physical harm to any property of another without the other person's consent[.]"   The relevant burglary statute, R.C. 2911.12(A)(3), provides that no person, by force, shall "trespass in an occupied structure or in a separately secured or separately occupied portion of

an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense."

{¶8} With respect to the attempted arson, the harm involved in the offense was to the property of Jackson, the property of her neighbors, and to the apartment building. The harm involved in the burglary offense was the intrusion into the home of Jackson. *See State v. Ruff*, 1st Dist. Hamilton Nos. C-120533 and C-120534, 2015-Ohio-3367, ¶ 13. Therefore, the offenses are of dissimilar import because the harm that resulted from the attempted arson is separate and identifiable from the harm due to the burglary. *See Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, at paragraph one of the syllabus. Consequently, we overrule the assignment of error.

## Conclusion

{¶9} Accordingly, having overruled Chandler's sole assignment of error, we affirm the judgment of the trial court. Because Chandler has abandoned his other appeal, we dismiss the appeal numbered C-190175.

Judgment accordingly.

**CROUSE** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry this date.