[Cite as *State v. Smith*, 2020-Ohio-3516.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190235 |
| | | TRIAL NO.    B-1803618 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| ANTHONY SMITH JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 30, 2020

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk,* for Defendant-Appellant.

**BERGERON, Judge.**

{¶1}    After defendant-appellant Anthony Smith, Jr., pleaded guilty to felonious assault and attempted rape, he challenged his sentences in this appeal, criticizing the trial court's failure to merge the offenses and the length of the sentences.  Based on the record at hand, however, we see no error in the sentences imposed by the trial court and accordingly affirm its judgment.

I.

{¶2}    In June 2018, Mr. Smith pounced on Hannah Thees, attacking her as she walked her dog.  He knocked her to the ground, punched her repeatedly in the face, and attempted to remove her clothes in order to rape her.  Fortunately, bystanders intervened, thwarting the attack.  Ms. Thees, who was approximately 36-weeks pregnant at the time, was subsequently taken to the hospital for medical care.

{¶3}    As a result of the attack, Mr. Smith was indicted on charges of felonious assault and attempted rape.  Mr. Smith ultimately pleaded guilty to both, but at sentencing maintained that the two offenses should merge as allied offenses. The trial court concluded otherwise, instead imposing an eight-year sentence for the felonious assault and a seven-year sentence for the attempted rape, to run consecutively to each other.

{¶4}    Mr. Smith now appeals and raises two assignments of error.  Initially, he challenges that the trial court erred in failing to merge the attempted rape and felonious assault charges for purposes of sentencing.  Mr. Smith also challenges the imposition of his sentences, asserting that the trial court failed to consider the purposes and principles of sentencing pursuant to R.C. 2929.11 and relevant sentencing factors under R.C. 2929.12.

II.

{¶5}  In his first assignment of error, Mr. Smith maintains that the attempted rape and felonious assault should have merged as allied offenses pursuant to R.C. 2945.21.  We review issues regarding merger of convictions for purposes of sentencing de novo.  *See State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 1; *State v. Chandler*, 1st Dist. Hamilton Nos. C-190174 and C-190175, 2020-Ohio-1371, ¶ 4 (de novo review where defendant raised issue of merger before the trial court and merger determination was made).

{¶6}  Mr. Smith was convicted of felonious assault, which prohibits "knowingly" causing "serious physical harm to another[.]"  R.C. 2903.11(A)(1).  The attempt statute forbids "purposefully or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense * * * [engaging] in conduct that, if successful, would constitute or result in the offense." R.C. 2923.02(A).  And the relevant rape statute proscribes engaging "in sexual conduct with another when the offender purposefully compels the other person to submit by force or threat of force."  R.C. 2907.02(A)(2).   Mr. Smith contends that the underlying harm supporting both the felonious assault and the attempted rape is the same, and that his actions constitute one course of conduct with a single animus, necessitating (in his view) merger of the offenses for sentencing.

{¶7}  Under R.C. 2941.25, while a defendant may be charged with multiple counts that constitute "two or more allied offenses of similar import," the defendant may only be "convicted" of one offense. R.C. 2941.25(A); *Chandler* at ¶ 5. But, where "the defendant's conduct constitutes two or more offenses of dissimilar import, or where [the defendant's] conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each," a defendant

may be convicted of all such offenses. R.C. 2941.25(B); *State v. McRae*, 1st Dist. Hamilton No. C-180669, 2020-Ohio-773, ¶ 21. In determining whether offenses should merge for purposes of sentencing, the Ohio Supreme Court explained that offenses cannot merge if "(1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 25. Because these factors need not be addressed in any particular order, the record at hand suggests that we first consider the animus inquiry. *See State v. Bailey* 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, ¶ 83.

{¶8} Animus for purposes of merger refers to one's " 'purpose, or more properly, immediate motive,' and 'requires us to examine the defendant's mental state in determining whether two or more offenses may be chiseled from the same criminal conduct.' " *Bailey* at ¶ 86, quoting *State v. Logan*, 60 Ohio St.2d 126, 131, 397 N.E.2d 1345 (1979). A court must accordingly "review the entire record, including arguments and information presented at the sentencing hearing, to determine whether the offenses were committed separately or with a separate animus." *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, ¶ 24; *State v. Daniels,* 1st Dist. Hamilton No. C-160203, 2017 WL 657574, ¶ 22 (same); R.C. 2929.19(B).

{¶9} Initially, we note that other courts have recognized that attempted rape and felonious assault do not necessarily merge for purposes of sentencing, depending on the circumstances. *See State v. Haynes*, 5th Dist. Richland No. 2009 CA 0031, 2010-Ohio-944, ¶ 29 (noting that felonious assault requires infliction of serious bodily harm); *State v. Smith*, 7th Dist. Mahoning No. 12 MA 168, 2014-Ohio-

4

1398, ¶ 16-17 (crimes of rape, attempted rape, and felonious assault did not merge where court determined that crimes were committed with separate animus). Moreover, this court has determined, with respect to merger of felonious assault, that where the physical force employed is "greater than was necessary" to effectuate the other offense at issue for merger, that demonstrates a specific intent to harm, which constitutes a separate animus. *In re K.P.,* 1st Dist. Hamilton Nos. C-180037, C-180038 and C-180039, 2018-Ohio-4972, ¶ 9 (Felonious assault and robbery did not merge where the force used was "greater than was necessary to effectuate an aggravated robbery" and demonstrated "the defendant acted with a specific intent to harm, separate from any animus to rob the victim."); *Bailey* at ¶ 87 (Separate animus existed where defendant "gratuitously and repeatedly inflicted serious physical harm on [the victim]."); *State v. Shelton*, 1st Dist. Hamilton No. C-170547, 2018-Ohio-3895, ¶ 50 (force used to perpetuate felonious assault was greater than necessary to effectuate the aggravated robbery). The record here, including the transcripts and victim impact statement, reveals that after pushing Ms. Thees to the ground and in the midst of attempting to remove her clothes, Mr. Smith repeatedly and continuously punched her in the face. These blows broke her nose, prompting swelling in her entire face and requiring multiple stitches under her left eye. The brutality of the attack left Ms. Thees hospitalized for three days.

{¶10} In light of the record, and based on the manner and degree of harm caused, we conclude that the force used during the attempted rape was greater than necessary to effectuate such an act, and is therefore probative of Mr. Smith's specific intent to harm, separate from the animus to perpetrate the rape. *See In re K.P.* at ¶ 9. Because Mr. Smith committed the felonious assault and attempted rape with separate animus, they do not merge under R.C. 2941.25. *See Ruff*, 143 Ohio St.3d

114, 2015-Ohio-995, 34 N.E.3d 892, at ¶ 25. On the record at hand, therefore, the trial court did not err in refusing to merge Mr. Smith's convictions.

III.

{¶11} For his second assignment of error, Mr. Smith claims that the trial court failed to consider the purposes and principles of sentencing under R.C. 2929.11 and sentencing factors under R.C. 2929.12, when it imposed his sentences. In reviewing felony sentences, we adhere to the standard delineated in R.C. 2953.08(G)(2) and may only vacate or modify a felony sentence where we clearly and convincingly find that the record does not support the trial court's mandatory findings under the relevant statutes or that the sentence is otherwise contrary to law. *See* R.C. 2953.08(G)(2)(a) and (b); *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23 ("[A]n appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.").

{¶12} "[A] sentence [is] not clearly and convincingly contrary to law where the trial court * * * considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors contained in R.C. 2929.12, properly applied postrelease control and imposed a sentence within the statutory range." *State v. White,* 2013-Ohio-4225, 997 N.E.2d 629, ¶ 12 (1st Dist.), citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18, *abrogated on other grounds, State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231; *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10 (same). Though a court need consider the purposes and principles of sentencing and factors delineated in R.C. 2929.11 and 2929.12, the court is not required to make specific findings in that regard. *See State v. Carter*, 2017-Ohio-1328, 88 N.E.3d 513, ¶ 40 (1st

Dist.) ("The trial court is not required to make specific findings on the record with respect to [R.C. 2929.11 and 2929.12.]").

{¶13} Here, while Mr. Smith concedes that his sentences fall within the relevant statutory ranges, he insists that they are contrary to law because the trial court failed to consider the criteria under R.C. 2929.11 and 2929.12 when imposing his sentences, particularly by not considering his mental status and other mitigation. Contrary to Mr. Smith's assertions, however, the record indicates that the trial court properly considered the appropriate sentencing provisions before imposing the sentences.

{¶14} At sentencing, the trial court heard mitigation from defense counsel, which included discussion of Mr. Smith's psychological problems. The trial court acknowledged that it had reviewed the presentence investigation report and victim impact statement, remarking that Mr. Smith did have "some" criminal record. The trial court considered the serious harm that the victim suffered, noting that Mr. Smith picked a very vulnerable victim and that she was badly injured as a result of the attack.

{¶15} Based on this, the trial court concluded that Mr. Smith was a "dangerous person and true threat to society" and after "[h]aving considered all the sentencing factors under 2929 of the Revised Code" imposed Mr. Smith's sentences. The record accordingly confirms that the trial court properly considered the appropriate sentencing provisions before imposing Mr. Smith's sentences. *See White,* 2013-Ohio-4225, 997 N.E.2d 629, at ¶ 13-14 (defendant's sentence was not clearly and convincingly contrary to law where the record demonstrated that the trial court considered the applicable sentencing provisions); *State v. Kinley,* 1st Dist. Hamilton No. C-190270, 2020-Ohio-542, ¶ 6 (noting that R.C. 2929.11 and 2929.12

are not fact finding statutes and absent contrary showing we may presume the trial court considered them). In sum, Mr. Smith's sentences were not clearly and convincingly contrary to law.

{¶16} In accordance with the foregoing analysis, we overrule Mr. Smith's two assignments and affirm the judgment of the trial court.

Judgment affirmed.

**ZAYAS, P.J.,** and **MYERS, J.,** concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.