[Cite as *State v. Williams*, 2020-Ohio-5071.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-190504 |
| | | C-190505 |
| Plaintiff-Appellee, | : | C-190506 |
| | | TRIAL NOS. B-1903632 |
| vs. | : | B-1700827-B |
| | | B-1902659 |
| TRACY WILLIAMS, | : | |
| | | *O P I N I O N.* |
| Defendant-Appellant. | : | |


Criminal Appeals From:   Hamilton County Court of Common Pleas

Judgments Appealed From Are:   Affirmed in Part, Sentences Vacated in Part, and
Cause Remanded

Date of Judgment Entry on Appeal: October 28, 2020


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Rubenstein & Thurman, L.P.A.*, and *Scott A. Rubenstein*, for Defendant-Appellant.

**MYERS, Presiding Judge.**

{¶1} Defendant-appellant Tracy Williams appeals the trial court's judgments convicting him of trafficking in heroin, aggravated trafficking in drugs, possession of a fentanyl-related compound, and having a weapon while under a disability. In three assignments of error, Williams challenges the trial court's acceptance of his guilty pleas, the effectiveness of his trial counsel's performance, and the sentences imposed.

{¶2} We vacate Williams's sentence for the offense of trafficking in heroin, which was imposed following a community-control violation, because the trial court imposed a sentence greater than the sentence that it specified would be imposed for a community-control violation in the notice provided to Williams at the original sentencing hearing, as set forth in the sentencing entry from that hearing.[1] The judgments of the trial court are otherwise affirmed.

### Factual and Procedural Background

{¶3} In the case numbered B-1700827-B, Williams pled guilty to trafficking in heroin and aggravated trafficking in drugs. At a sentencing hearing on August 1, 2017, the trial court placed Williams on three years of intensive supervision community control, ordered him to enter and complete inpatient treatment, and imposed restitution, a fine, and court costs. The sentencing entry from that hearing additionally contained the trial court's advisement to Williams that it would impose a term of two-and-a-half years of imprisonment if Williams violated the terms and

---

[1] This court was not provided with a transcript of the original sentencing hearing, but our record contains the sentencing entry from that hearing, which includes the trial court's advisement to Williams of the period of incarceration that would be imposed for a community-control violation.

conditions of community control. On May 23, 2019, a community-control violation was filed against Williams, alleging that he had admitted to marijuana use on three separate occasions, had failed to provide verification of employment and/or educational or vocational training, had failed to meet his financial obligations to the court, and had incurred a new felony charge.

{¶4} On May 24, 2019, while Williams was on community control, an indictment was issued in the case numbered B-1902659 charging Williams with possession of a fentanyl-related compound.

{¶5} At a hearing on June 11, 2019, Williams pled guilty to the community-control violation in the case numbered B-1700827-B and to possession of a fentanyl-related compound in the case numbered B-1902659. After accepting Williams's guilty pleas, the trial court continued the matters for sentencing and ordered a presentence investigation report, along with a TASC evaluation and an evaluation for River City Correctional Center. Williams was released on his own recognizance pending sentencing.

{¶6} Before returning to court for sentencing, Williams was indicted in the case numbered B-1903632 for having a weapon while under a disability. At a hearing on August 22, 2019, Williams entered a guilty plea to that offense. After accepting Williams's guilty plea, the trial court proceeded to impose sentences in all pending cases.

{¶7} In the case numbered B-1700827-B, following Williams's guilty plea to the community-control violation, the trial court sentenced Williams to 36 months of imprisonment for the offense of trafficking in heroin and to 12 months of imprisonment for the offense of aggravated trafficking in drugs. These sentences

were ordered to be served concurrently. In the case numbered B-1902659, the trial court imposed a sentence of 12 months of imprisonment for the offense of possession of a fentanyl-related compound. This sentence was ordered to be served concurrently to the sentences imposed in the case numbered B-1700827-B. And in the case numbered B-1903632, the trial court imposed a sentence of 36 months of imprisonment for the offense of having a weapon while under a disability. This sentence was ordered to be served consecutively to the sentences imposed in the case numbered B-1700827-B, resulting in an aggregate sentence of six years of imprisonment.

### *Guilty Pleas*

{¶8} In his first assignment of error, Williams argues that the trial court erred by accepting a guilty plea that was not made knowingly, voluntarily, and intelligently. Williams specifically argues that he was not adequately informed of his constitutional rights or of the consequences of a guilty plea, but he does not identify any specific right that he claims the trial court omitted. And he does not specify whether he is challenging his plea to the offense of having a weapon under a disability or his plea to the offense of possession of a fentanyl-related compound, which occurred on separate dates and at separate hearings.

{¶9} Crim.R. 11(C)(2) requires a trial court, before accepting a guilty plea to a felony offense, to address the defendant and verify that the defendant is entering the plea voluntarily, with an understanding of the effect of the plea, the nature of the charges, and the maximum penalty available. The court must additionally inform the defendant of various constitutional rights that the defendant is waiving by entering a guilty plea. *State v. Giuggio*, 1st Dist. Hamilton No. C-170133, 2018-Ohio-

2376, ¶ 5; *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶ 41.

{¶10} Following our review of the record, we find that Williams's guilty pleas to both having a weapon while under a disability and possession of a fentanyl-related compound were entered knowingly, voluntarily, and intelligently. At each plea hearing, the trial court engaged in a thorough colloquy with Williams. Before accepting either plea, the trial court ensured that Williams was entering the plea voluntarily, explained the effect of a guilty plea and the nature of the charges faced, and informed Williams of the maximum sentence faced as well as the constitutional rights that would be waived upon entry of a guilty plea.

{¶11} The trial court did not err in accepting Williams's guilty pleas. The first assignment of error is overruled.

### Ineffective Assistance

{¶12} In his second assignment of error, Williams argues that he was deprived of his constitutional right to the effective assistance of counsel.

{¶13} Counsel will not be considered ineffective unless her or his performance was deficient and caused actual prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989). Counsel's performance will only be deemed deficient if it fell below an objective standard of reasonableness. *Strickland* at 688; *Bradley* at 142. A defendant is only prejudiced by counsel's performance if there is a reasonable probability that the outcome of the proceedings would have been different but for the deficient performance. *Strickland* at 694; *Bradley* at 142.

{¶14} Williams specifically argues that his trial counsel was ineffective for failing to request a comprehensive court clinic evaluation for advisability of treatment/mitigation of sentence, which he contends would have given the trial court insight into his challenges. We find his argument to be without merit. The record demonstrates that the trial court was aware of Williams's struggles with drug addiction. The trial court had already placed Williams on community control and had placed him in River City for treatment, and it ordered both TASC and River City evaluations on Williams with respect to his drug issues prior to sentencing. And Williams's counsel stressed his struggles with addiction to the trial court at the sentencing hearing. Further, it is purely speculative as to what the results or recommendations of a court clinic evaluation of Williams would be, and we cannot say that such an evaluation would have affected the outcome of the proceedings, specifically the sentence imposed. *See State v. Dudley*, 1st Dist. Hamilton No. C-060673, 2007-Ohio-4321, ¶ 32-33.

{¶15} Williams's second assignment of error is overruled.

### *Sentencing*

{¶16} In his third assignment of error, Williams argues that the trial court erred in the imposition of sentence.

{¶17} Pursuant to R.C. 2953.08(G)(2)(a), we may modify or vacate a defendant's sentence only if we clearly and convincingly find that the record does not support the trial court's findings under relevant statutes or that the sentence is contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22-23; *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 5 (1st Dist.).

{¶18} Williams specifically argues that the trial court failed to follow R.C. 2929.11 and 2929.12 in fashioning an appropriate sentence. While the trial court is to be guided by the purposes of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12, these are not fact-finding statutes, and absent an affirmative demonstration by Williams to the contrary, we may presume that the trial court considered them. *State v. Ingels*, 1st Dist. Hamilton Nos. C-180469, C-180470 and C-180471, 2020-Ohio-4367, ¶ 16.

{¶19} The trial court recognized at sentencing that Williams struggled with drug addiction. And the court reminded Williams that it had originally placed him on community control and allowed him to participate in a treatment program at River City, rather than impose a period of incarceration, for his drug-trafficking offenses. The court further noted that Williams had incurred a new charge while on community control, and then, while awaiting sentencing on both that charge and the community-control violation, incurred a third felony charge.

{¶20} We find that Williams has not affirmatively demonstrated that the trial court failed to consider R.C. 2929.11 and 2929.12 when imposing sentence.

{¶21} But in our review of the record, we have found an error that renders the sentence imposed for the offense of trafficking in heroin in the case numbered B-1700827-B contrary to law.

{¶22} The sentences in the case numbered B-1700827-B were imposed following Williams's guilty plea to a community-control violation. When imposing sentence for a community-control violation, a trial court "may impose (a) a longer time under the same sanction, (b) a more restrictive sanction, including but not limited to, a new term in a community-based correctional facility, halfway house, or

jail, or (c) a prison term." *State v. Kernall*, 2019-Ohio-3070, 132 N.E.3d 758, ¶ 9 (1st Dist.); R.C. 2929.15(B)(1). If the trial court elects to impose a prison term, the term imposed "must be within the range of prison terms available for the underlying offense and must not exceed the prison term specified in the notice provided to the offender at the sentencing hearing." *Kernall* at ¶ 9; *State v. Giles*, 1st Dist. Hamilton No. C-010582, 2002-Ohio-3297, ¶ 9; R.C. 2929.15(B)(3).

{¶23} The sentencing entry from the original sentencing hearing indicates that the trial court advised Williams that it would impose a term of two-and-a-half years of imprisonment if Williams violated the terms and conditions of community control. But at the sentencing hearing for the community-control violation, the trial court imposed a sentence of 36 months of imprisonment for the offense of trafficking in heroin and a sentence of 12 months of imprisonment for the offense of aggravated trafficking in drugs. Because the sentence imposed for the offense of trafficking in heroin exceeded the sentence that the trial court specified would be imposed for a community-control violation in the notice provided to Williams at the sentencing hearing, it was contrary to law.

{¶24} Williams's third assignment of error is sustained in part and overruled in part. The sentence imposed for trafficking in heroin in the case numbered B-1700827-B is vacated, and that case is remanded for resentencing in accordance with the law and this opinion. The judgments of the trial court are otherwise affirmed.

Judgment accordingly.

**BERGERON** and **WINKLER, JJ.,** concur.

8

Please note:

The court has recorded its own entry on the date of the release of this opinion.