[Cite as *State v. Willenbrink*, 2020-Ohio-6715.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190330 |
| | | TRIAL NO. B-1801074(A) |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| JAMMEY RAY WILLENBRINK, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: December 16, 2020

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Adam Tieger*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*John D. Hill, Jr.*, for Defendant-Appellant.

**MOCK, Presiding Judge.**

{¶1}     Counsel for defendant-appellant Jammey Ray Willenbrink filed a "no-merit" brief in this case.  For the reasons set forth below, we agree with counsel's analysis.

### 41-Count Indictment Leads to Guilty Pleas

{¶2}     On March 2, 2018, the Hamilton County grand jury issued a 41-count indictment against Willenbrink.  The indictment contained five counts of rape in violation of R.C. 2907.02(A)(1)(B), 18 counts of rape in violation of R.C. 2907.02(A)(2), and 18 counts of sexual battery in violation of R.C. 2907.03(A)(5).  The alleged victims were Willenbrink's children whom the state alleged that Willenbrink raped repeatedly resulting in two pregnancies.  After plea discussions, Willenbrink agreed to enter guilty pleas to six counts of rape and eight counts of sexual battery.  The remaining counts were dismissed.  After accepting his guilty pleas, the trial court engaged Willenbrink in a Crim.R. 11 colloquy and found him guilty of all the charges to which he had entered guilty pleas.  After a presentence investigation, the trial court sentenced Willenbrink in the following manner:

| Count | Charge | ORC | Level | Sentence |
|---|---|---|---|---|
| 5 | Rape | 2907.02(A)(2) | F1 | 8 years |
| 6 | Sexual Battery | 2907.03(A)(5) | F3 | 4 years |
| 9 | Sexual Battery | 2907.03(A)(5) | F3 | 4 years |
| 11 | Sexual Battery | 2907.03(A)(5) | F3 | 4 years |
| 12 | Rape | 2907.02(A)(2) | F1 | 9 years |
| 15 | Sexual Battery | 2907.03(A)(5) | F3 | 4 years |
| 17 | Sexual Battery | 2907.03(A)(5) | F3 | 4 years |
| 18 | Rape | 2907.02(A)(2) | F1 | 9 years |
| 21 | Sexual Battery | 2907.03(A)(5) | F3 | 4 years |
| 28 | Rape | 2907.02(A)(2) | F1 | 9 years |

| 30 | Rape | 2907.02(A)(2) | F1 | 8 years |
| 37 | Sexual Battery | 2907.03(A)(5) | F3 | 4 years |
| 38 | Rape | 2907.02(A)(2) | F1 | 10 years |
| 41 | Sexual Battery | 2907.03(A)(5) | F3 | 4 years |

All other counts were dismissed at the state's request. The trial court ordered Willenbrink to serve the sentences for counts 6, 12, 18, 21, 28, and 38 consecutively and ordered him to serve counts 5, 9, 11, 15, 17, 30, 37, and 41 concurrently with the terms ordered in counts 6, 12, 18, 21, 28, and 38. The aggregate total of Willenbrink's sentences was 45 years in prison. Willenbrink was also classified as a Tier III sex offender. Willenbrink timely filed his notice of appeal.

{¶3} Appointed appellate counsel for Willenbrink has submitted a no-error brief in accordance with 1st Dist. Loc.R. 16.2, stating that he has failed to find "anything in the record that might arguably support the appeal." *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel has communicated his determination to Willenbrink, has offered his client an opportunity to raise any issues in support of his appeal, has brought those issues identified by Willenbrink to the attention of this court, and has moved for permission to withdraw as counsel. *See State v. Gilbert*, 1st Dist. Hamilton No. C-110382, 2012-Ohio-1366, ¶ 5, citing *Freels v. Hills*, 843 F.2d 958, 960 (6th Cir.1988). The state has agreed that the trial court did not err to the prejudice of Willenbrink.

### *Anders* and 1st Dist. Loc.R. 16.2

{¶4} Willenbrink's appellate counsel has filed a brief pursuant to *Anders* and 1st Dist. Loc.R. 16.2. *Anders* held that where, after a conscientious examination of the case, appellate counsel is unable to find any meritorious issues for review, then counsel should inform the court and request permission to withdraw from the case. *Anders* at 744. In addition, the request must be

3

accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id.*

{¶5} This court has established procedures for counsel to follow when submitting a no-error brief. *See* 1st Dist. Loc.R. 16.2. Before filing a no-error brief, counsel must first communicate with the appellant informing appellant of the determination that no issues of merit have been found and request that appellant communicate to counsel any issues appellant may believe are present. *See* 1st Dist. Loc.R. 16.2(C)(1). Counsel is then to review the issues raised by the appellant to determine whether they are wholly frivolous. *See* 1st Dist. Loc.R. 16.2(C)(2). If counsel receives appellant's responses prior to filing a brief, counsel should append appellant's issues to the no-merit brief. *See* 1st Dist. Loc.R. 16.2(C)(2)(a). The brief must contain a statement that counsel has reviewed the record and found no issues of arguable merit, a request for the court to independently review the record to determine if there are indeed no arguable issues, and reference any part of the record that might support an arguably meritorious position on appeal. *See* 1st Dist. Loc.R.

4

16.2(B)(1)-(3). The brief shall contain a statement of compliance, in which counsel sets forth that he or she has conscientiously examined the record, concluded that the record discloses no issues of arguable merit and that the appeal is wholly frivolous, that this conclusion has been communicated to appellant, and that appellant has been invited to communicate to counsel any issue that appellant wants counsel to raise on appeal. *See* 1st Dist. Loc.R. 16.2(D)(1). Counsel shall also file a motion to withdraw as counsel while indicating that he or she remains to assist appellant in the prosecution of the appeal until the motion is granted. *See* 1st Dist. Loc.R. 16.2(D)(2).

{¶6} In his no-merit brief, counsel complied with all requirements set forth by this court in 1st Dist. Loc.R. 16.2. Counsel detailed his review of the entire record, including an analysis of the propriety of the guilty-pleas colloquy and the trial court's sentencing determinations. Counsel indicated that he communicated his conclusions to Willenbrink. In response, Willenbrink asked counsel to raise the issues of his mental state at the time that he tendered his guilty pleas, and claimed that he did not agree to be represented by his court-appointed attorneys. But, as counsel notes, neither of those issues could be addressed on direct appeal as they require reference to information outside the record before us. *See State v. Ishmail*, 54 Ohio St.2d 402, 403, 377 N.E.2d 500 (1978).

{¶7} Pursuant to 1st Dist. Loc.R. 16.2(B)(3), counsel has referenced the following parts of the record that arguably support the appeal: (1) whether the trial court complied with Crim.R. 11(C) in accepting Willenbrink's guilty pleas; (2) whether Willenbrink's guilty pleas were tendered knowingly, voluntarily, and intelligently; (3) whether Willenbrink's trial counsel was ineffective in any way; (4) whether the sentences imposed by the trial court were contrary to law or disproportionate to Willenbrink's conduct.

**The Guilty Pleas Were Properly Accepted**

{¶8}    We first consider counsel's invitation to review the propriety of Willenbrink's guilty pleas.  Before accepting a guilty plea, the trial court must inform the defendant that by pleading guilty or no contest, he is waiving the following constitutional rights: the privilege against self-incrimination, the right to a jury trial, the right to confront his accusers, and the right of compulsory process of witnesses. Crim.R.  11(C)(2)(c). The trial court must also inform the defendant of certain nonconstitutional rights, including the nature of the charges, the maximum penalty involved, the eligibility of the defendant for probation or community control, and the effect of the plea. Crim.R. 11(C)(2)(a) and (b).

{¶9}    A trial court must strictly comply with Crim.R. 11 when it explains the constitutional rights set forth in Crim.R. 11(C)(2)(c).  *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus.  When a trial court fails to explain these rights, the guilty or no-contest plea is invalid "under a presumption that it was entered involuntarily and unknowingly." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12.  A trial court, however, need only substantially comply with Crim.R. 11 when explaining the nonconstitutional rights set forth in Crim.R. 11(C)(2)(a) and (b). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶10}   A review of the transcript indicates that the trial court engaged Willenbrink in a thorough review of the rights he was waiving by entering his guilty pleas, he understood the nature of the proceedings, the maximum penalties, and ramifications of pleading guilty.  His constitutional and nonconstitutional rights were explained in detail.  The trial court engaged Willenbrink, asking questions and

receiving answers indicating that the pleas were entered knowingly, voluntarily, and intelligently. The trial court complied completely with Crim.R. 11(C).

**The Sentences Imposed Were Proper**

{¶11} We next consider counsel's suggestion that Willenbrink's sentences were either contrary to law or disproportionate to his conduct. Pursuant to R.C. 2953.08(G)(2), we may modify or vacate a defendant's sentence only if we clearly and convincingly find that the record does not support the mandatory sentencing findings or that the sentence is contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22-23. "[A] sentence [is] not clearly and convincingly contrary to law where the trial court * * * considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors contained in R.C. 2929.12, properly applied postrelease control and imposed a sentence within the statutory range." *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 12 (1st Dist.), citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18.

{¶12} In this case, when deciding the length of each sentence, the trial court considered the purposes and principles of sentencing under R.C. 2929.11 and the sentencing factors under R.C. 2929.12. *See State v. Smith*, 1st Dist. Hamilton No. C-190235, 2020-Ohio-3516, ¶ 11-12. The sentences were within the statutory ranges, and the trial court properly imposed postrelease control. Further, the trial court made the necessary findings pursuant to R.C. 2929.14(C)(4) to support the imposition of consecutive sentences. *See State v. Chandler*, 1st Dist. Hamilton No. C-190153, 2020-Ohio-164, ¶ 10. We find nothing within the trial court's imposition of the sentences that could arguably support an appeal.

7

**Ineffective Assistance of Counsel**

{¶13}   Counsel also suggests that we consider whether Willenbrink's trial counsel provided effective assistance.   A claim that trial counsel was ineffective requires a determination by this court that trial counsel's performance fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989). Counsel's performance will only be deemed deficient if it fell below an objective standard of reasonableness.   *Strickland* at 688; *Bradley* at 142. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689.

{¶14}   We have reviewed the record in this case and find no indication that counsel's performance was objectively unreasonable, and we see nothing in counsel's performance that prejudiced Willenbrink.   Any argument in that regard would have been feckless.

**Counsel's Motion to Withdraw**

{¶15}   We note in this case that counsel did not file a separate motion to withdraw, but rather asked within the body of his brief that he be allowed to withdraw.  The contents of the no-merit brief are outlined in App.R. 16.2(B), and 1st Dist. Loc.R. 16.2(D)(2) makes clear that the motion to withdraw should be filed separately.  The filing of a motion to withdraw is an important aspect of this court's no-merit procedure under 1st Dist. Loc.R. 16.2.  Once the motion is filed, it allows the court to move forward while protecting both the rights of the client and the professional responsibilities of the attorney.  If, after review, this court concludes that the matter presents issues that appear meritorious, counsel's motion to

8

withdraw can be granted and new counsel appointed to investigate those issues as well as any others counsel may find. *See State v. Green*, 1st Dist. Hamilton No. C-170477, 2018-Ohio-2378, ¶ 5. Alternately, if the appeal is truly meritless, counsel need not withdraw as this court will have agreed with counsel's determination.

{¶16} For this reason, the preferred practice is that counsel file a separate motion to withdraw rather than seeking to withdraw within the body of a 1st Dist. Loc.R. 16.2(B) brief. But the failure to file a separate motion to withdraw is not a barrier to the resolution of this matter. In this instance, we will consider the section of counsel's brief in this case as a motion to withdraw filed in compliance with 1st Dist. Loc.R. 16.2(D)(2) and will proceed accordingly. But we caution counsel in future matters to ensure compliance with 1st Dist. Loc.R. 16.2(D)(2).

### Conclusion

{¶17} We have examined the record and we agree with counsel's conclusion that the proceedings below were free from error prejudicial to Willenbrink and that no grounds exist to support a meritorious appeal. Therefore, we overrule counsel's motion to withdraw from his representation of Willenbrink and affirm the judgment of the trial court. We hold that this appeal is frivolous under App.R. 23 and without "reasonable cause" under R.C. 2505.35. But the court refrains from taxing costs and expenses against Willenbrink because he is indigent.

Judgment Affirmed.

**ZAYAS** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.