[Cite as *State v. Brooks*, 2021-Ohio-425.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190549 |
| | | TRIAL NOS. B-1703247A |
| Plaintiff-Appellee, | : | B-1804661 |
| vs. | : | |
| | | *O P I N I O N.* |
| DEONDRA BROOKS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Affirmed

Date of Judgment Entry on Appeal: February 17, 2021

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Law Office of John D. Hill, LLC,* and *John D. Hill, Jr.*, for Defendant-Appellant.

**MYERS, Judge.**

{¶1}   In this appeal, Deondra Brooks challenges the voluntariness of his guilty pleas to felony drug and weapon offenses in two cases.  Finding no merit in Brooks's sole assignment of error, we affirm the trial court's judgments.

*The Guilty Pleas*

{¶2}   In the case numbered B-1703247, Brooks pled guilty to two counts of aggravated trafficking in drugs and one count of trafficking in heroin.  Before Brooks was sentenced in that case, he was indicted on multiple felony counts in the case numbered B-1804661.

{¶3}   Both cases were scheduled for June 24, 2019, the earlier case for sentencing and the new case for trial.  Before that date, Brooks filed a motion to withdraw his guilty plea in the case numbered B-1703247, which the court denied on June 24 after a hearing.  The new case was continued for trial, and the court revoked Brooks's bond pending sentencing in the earlier case.

{¶4}   On August 21, 2019, Brooks pled guilty in the case numbered B-1804661 to aggravated trafficking in drugs, having a weapon while under a disability, and two counts of trafficking in heroin.  Both cases were continued for sentencing.

{¶5}   In the case numbered B-1703247, the trial court sentenced Brooks to 18 months of imprisonment for the fourth-degree-felony offense of aggravated trafficking in drugs, 36 months of imprisonment for the third-degree-felony offense of aggravated trafficking in drugs, and 12 months of imprisonment for the offense of trafficking in heroin, and ordered the sentences to be served concurrently, for a total of 36 months.  In the case numbered B-1804661, the trial court imposed a sentence of 18 months of imprisonment for the fourth-degree-felony offense of trafficking in heroin, 12 months of imprisonment for the offense of aggravated trafficking in drugs, 24 months of imprisonment for the third-degree-felony offense of trafficking in

heroin, and 24 months of imprisonment for the offense of having a weapon while under a disability. These sentences were ordered to be served concurrently to each other (for a total of 24 months) and consecutively to the sentences imposed in the case numbered B-1703247, resulting in an aggregate prison term of 60 months. Brooks now appeals.

*The Guilty Pleas Were Properly Accepted*

{¶6} In a single assignment of error, Brooks argues that the trial court erred in accepting his guilty pleas because they were not knowingly, voluntarily, and intelligently made.

{¶7} Before a trial court accepts a guilty plea in a felony case, Crim.R. 11(C)(2) requires the court to address the defendant and ascertain that the defendant is entering the plea voluntarily, with an understanding of the effect of the plea, the nature of the charges, and the maximum penalty that may be imposed. In addition, the court must inform the defendant and determine that the defendant understands that by pleading guilty, the defendant is waiving constitutional rights to a jury trial, to confront witnesses against the defendant, to have compulsory process for obtaining witnesses, to require the state to prove the defendant's guilt beyond a reasonable doubt, and to the privilege against self-incrimination. Crim.R. 11(C)(2); *State v. Giuggio*, 1st Dist. Hamilton No. C-170133, 2018-Ohio-2376, ¶ 5.

{¶8} In this case, at each plea hearing, the trial court engaged in a thorough colloquy with Brooks. Before accepting either plea, the court ensured that Brooks was entering the plea voluntarily, explained the effect of a guilty plea and the nature of the charges faced, and informed him of the maximum potential sentences as well as the constitutional rights he was waiving upon entry of a guilty plea.

{¶9} Brooks concedes that the trial court complied with Crim.R. 11 before accepting his pleas in both cases. He also concedes that he "affirmed that he had discussed the plea bargains with trial counsel prior to tendering the pleas,

3

understood the nature of the plea proceedings, was entering in to [sic] the respective pleas of his own volition, and was aware of the range of potential penalties that the trial court could impose upon their acceptance." He nonetheless asks us to consider matters outside the record, which he claims make his pleas involuntary. We decline to do so.

{¶10} Brooks first claims that his trial counsel and the prosecutor assured him that his pleas would result in the imposition of a sentence of no greater than 48 months, rendering his pleas involuntary. Brooks concedes that this aspect of his claim is based on information outside the record, which we cannot consider in deciding the appeal. *See State v. Willenbrink*, 1st Dist. Hamilton No. C-190330, 2020-Ohio-6715, ¶ 6, citing *State v. Ishmail*, 54 Ohio St.2d 402, 403, 377 N.E.2d 500 (1978).

{¶11} Brooks also argues that his guilty plea in the case numbered B-1804661 was entered involuntarily and was driven by the trial court's decisions in the case numbered B-1703247 denying his motion to withdraw his guilty plea and revoking his bond prior to sentencing. He claims that these decisions coerced him into accepting the state's offer of a plea bargain in the case numbered B-1804661.

{¶12} Brooks has not appealed the denial of his motion to withdraw his guilty plea, and thus we will not review the trial court's decision on that motion. As to his claim that he felt coerced into entering a plea in the new case once his motion to withdraw his plea in the old case was denied and his bond was revoked, we find nothing in the record before us supports this assertion. In fact, at the plea hearing in the B-1804661 case, Brooks confirmed that he had not been pressured in any way:

THE COURT: Are you entering this plea of your own free will?

THE DEFENDANT: Yes, ma'am.

THE COURT: Has anybody made any threats or promises to you in order to get you to plead guilty here today?

THE DEFENDANT:  No, ma'am.

**{¶13}**  Following our review of the record, we find that Brooks's guilty pleas in both cases were entered knowingly, voluntarily, and intelligently.  We hold that the trial court did not err in accepting Brooks's guilty pleas.  *See State v. Williams*, 1st Dist. Hamilton Nos. C-190504, C-190505 and C-190506, 2020-Ohio-5071, ¶ 10. Consequently, we overrule the sole assignment of error and affirm the trial court's judgments.

Judgments affirmed.

**ZAYAS, P.J.**, and **CROUSE, J.**, concur.

Please note:

The court has recorded its own entry this date.